WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Society of Apostolic Church Ministries, et al., | No. CV-21-08277-PCT-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiffs Society of Apostolic Church Ministries ("SACM"), Elizabeth Gardner and Fredric Gardner ("Plaintiffs") have filed an untimely[1] Motion for Reconsideration (Doc. 52) regarding the Court's Order Granting Summary Judgment in favor of the Government. (Doc. 47). Plaintiffs argue that the Court committed manifest error by erroneously applying the law and incorporating facts from prior decisions. (Doc. 52 at 5). The Court has allowed the Defendant United States of America ("the Government") to file a response to Plaintiff's Motion (Doc. 55), to which it has done. (Doc. 56).

The Government also filed its own Motion for Reconsideration (Doc. 49) in which it argues that Plaintiffs' quiet title claim should be dismissed based on the Court's finding that SACM is the Gardner's nominee. (*Id*. at 1). The Court allowed Plaintiffs to respond to the Government's Motion (Doc. 51), in which they concede that their quiet title claim

---

[1] The Court notes that Plaintiffs' Motion for Reconsideration is untimely. LRCiv 7.2(g)(2) states that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than ***fourteen (14) days*** after the date of the filing of the Order that is the subject of the motion." (emphasis added). The Courts Order was filed on February 22, 2024. (Doc. 47). Plaintiffs' Motion was filed on March 11, 2024—eighteen days after the Court's Order was filed. (Doc. 52). Thus, Plaintiffs' Motion is untimely. *See* LRCiv 7.2(g)(2).

should be dismissed if the Court denies their Motion for Reconsideration. (Doc. 53 at 1). For the following reasons, the Court denies Plaintiffs Motion for Reconsideration and dismisses their claim to quiet title.

**I.     Background**

This case arises from the Gardner's unpaid tax liability. The IRS levied $73,340.37 in 2021 from a bank account owned by SACM ("the Levy") to satisfy tax obligations owed by the Gardners related to unpaid tax liability from the 2002-2004 tax years. (Docs. 25 at ¶ 18 (Amended Complaint); 27 at ¶ 18 (Answer)). Due to the Levy, Plaintiffs filed suit against the Government asserting claims to quiet title and for wrongful levy. (Doc. 1 at 4–5 (Complaint); Doc. 25 at 4–5 (Amended Complaint)).

The Gardners' underlying tax liability related to the levy arises from an adjudication of tax liability concerning their previously operated church: Bethel Aram Ministries ("BAM"). (Doc. 47 at 2). In a previous controversy with the IRS, the Ninth Circuit affirmed the Tax Court's finding that the Gardners' corporation sole, BAM, did not have any congregation, therefore, the donations that BAM received were taxable income. *Gardner v. Comm'r of Internal Revenue*, 845 F.3d 971, 973 (9th Cir. 2017). Specifically, the Tax Court found that the Gardners had unreported income of $100,070 for 2002; $217,973 for 2003; and $235,542 for 2004 and that they should have included these amounts as gross income. *Gardner v. Comm'r*, 105 T.C.M. (CCH) 1433, at *1 n.1 (T.C. 2013). The Tax Court also noted that the Gardners are liable for self-employment tax because they did not submit IRS Form 4361: "the Application for Exemption From Self–Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners" for the 2002-2004 tax years. *Id*. at *8.

In the current matter, the Government filed a Motion for Summary Judgment (Doc. 37) arguing that SACM was holding property for the Gardners as their "nominee," therefore, the IRS' Levy on SACM's bank account was proper. (Doc. 37 at 13). The Court agreed and found that SACM was the Gardners' nominee as a matter of law. (Doc. 47 at 7).

The Court reached this decision after reviewing the evidence presented at the

summary judgment stage and analyzing the factors set out in *Towe Antique Ford v. IRS*, 791 F.Supp. 1450, 1454 (D. Mon. 1992).[2] (*Id.* at 6–7). The Court concluded evidence that (1) Mrs. Gardner had "consistently transferred the property in and out of entities for which she is the corporation sole for no consideration;" (2) the Gardner's payment of personal legal fees from SACM's checking account; and (3) the Gardner's enjoyment of the benefits of the property after each transfer "affirmatively demonstrate[d] that no reasonable trier of fact could find other than for the [Government]." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). (*Id.*)  The Court reasoned that "the 'overarching consideration' is whether the Gardners exercised active or substantial control over the property—which they [did]." (*Id.* (citing *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1070 (9th Cir. 2013)).

## II. Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Indeed, Arizona Local Rule of Civil Procedure 7.2 ("LRCiv 7.2") provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id*. This is because "[m]otions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*

---

[2] The *Towe* factors include: (1) Whether the nominee paid no or inadequate consideration; (2) Whether the property was placed in the name of the nominee in anticipation of litigation or liabilities; (3) Whether there is a close relationship between the transferor and the nominee; (4) Whether the parties to the transfer failed to record the conveyance; (5) Whether the transferor retained possession; and (6) Whether the transferor continues to enjoy the benefits of the transferred property. 791 F.Supp. at 1454.

*Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

A motion for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

### III. Discussion

Plaintiffs argue that the Court's Order rests on manifest errors of fact and law because it was improper for the Court to incorporate and rely on facts from prior decisions that include evidence that is not in the record in this case. (Doc. 52 at 2–3). Plaintiffs also argue that the State of Arizona recognizes the existence of corporation soles, contrary to what the Court noted.[3] (*Id.* at 5). Plaintiff finally argues that the Court erred in finding that SACM is the Gardner's nominee based on the *Towe* factors and Ninth Circuit law as these are issues of fact and credibility that the Court should not have decided. (*Id.* at 6–8). None of these arguments entitle Plaintiffs to relief.

First, the Court's reference to facts from the Gardner's previous cases was to provide context to this case. The Court restated these in its background section because they are intertwined with the current litigation and indeed gives rise to it. It would be impossible to understand the current facts and arguments without restating those is *Gardner v. Comm'r of Internal Revenue*, 845 F.3d 971, 973 (9th Cir. 2017) & *Gardner v. Comm'r*, 105 T.C.M. (CCH) 1433, at *1 n.1 (T.C. 2013). However, the Court did not rely on any fact not presented by the parties in their respective pleadings. For example, the

---

[3] The Court notes that whether or not Arizona recognizes corporations sole was not a fact necessary, or even relevant, to the disposition of the Government's Motion. So, this discussion was essentially dictum. *See Lamorie v. Davis*, 485 F. Supp. 3d 1065, 1072 (D. Ariz. 2020) ("A statement is dictum when it is 'made during the course of delivering a judicial opinion, but . . . is unnecessary to the decision in the case and [is] therefore not precedential.'") (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004)). Furthermore, SACM is incorporated as a corporation sole in Nevada under N.R.S. § 84.050—not Arizona's A.R.S. § 10-11904. (Doc. 47 at 5).

Court noted that the independent fact that Mrs. Gardner frequently transferred the Property between entities for no consideration bolstered the Government's argument that "the church has functioned the same since its initial inception, and all iterations have been governed by Elizabeth Gardner as a corporation sole." (Doc. 47 at 7).  The Court did not use this argument as evidence to reach its conclusion, as Plaintiffs argue.  (Doc. 52 at 2–3).  Instead, the Court relied on the deed chain—independent evidence from any previous case—to show that the nominee (SACM) (1) paid no or inadequate consideration for the property and that (2) the transferor (Mrs. Gardner) retained possession of the Property.  (*Id.* (discussing the first and fifth *Towe* factors)).  The deed chain shows that the Property was transferred (1) directly to Mrs. Gardner by BAM, then (2) to Mrs. Gardner as corporation sole of Messiah House Fellowship, then (3) to Mrs. Gardner as corporation sole of "church restoration ministries," and (4) finally to "Bishop" Gardner as corporation sole of SACM—all within a sixteen-year period.  (*Id.* (citing Doc. 37- 10 at 2)).  Thus, because the Court did not rely on facts outside of the evidence presented to reach its ultimate conclusion, Plaintiffs' first argument fails.

Second, the Court did not weigh conflicting evidence or make credibility determinations to reach its ultimate conclusion.  (Doc. 52 at 2–3).  Instead, as many district courts in this Circuit do, the Court utilized the *Towe* factors and Ninth Circuit precedent to reach a conclusion as a matter of law.  *See e.g., United States v. Bigley*, 2017 WL 2417911, at *7 (D. Ariz. May 10, 2017) (citations omitted); *United States v. Secapure*, 2008 WL 820719, at *7 (N.D. Cal. Mar. 26, 2008) (noting that courts throughout the Ninth Circuit rely on the *Towe* factors to determine nominee status).  These factors are but a "tool[] used to determine the amount of control the delinquent taxpayer has over an asset." *911 Mgmt., LLC v. United States*, 657 F. Supp. 2d 1186, 1214 (D. Or. 2009).  The *Towe* factors only bolster the Court's conclusion, as the undisputed facts demonstrate that the Gardner's exercised active or substantial control over the Property.  *Fourth Inv. LP*, 720 F.3d at 1070.  The Court could have reached this outcome without discussing any of the *Towe* factors, however, as a matter of law the overwhelming undisputed evidence establishes that SACM

is the Gardner's nominee.  *See id*.  The Court applied the *Towe* factors not to weigh evidence or judge credibility, but to determine the amount of control the Gardner's have over SACM—which is, in essence, total control.  *911 Mgmt., LLC*, 657 F. Supp. 2d at 1214.

In sum, after reviewing Plaintiffs' arguments on reconsideration and the Court's previous Order, the Court concludes that it did not err in finding that SACM was the Gardner's nominee as a matter of law.  Because the Court denies Plaintiffs' Motion for Reconsideration (Doc. 52), it must grant the Government's Motion for Reconsideration (Doc. 49) and enter judgment on Plaintiffs' remaining quiet title claim.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Reconsideration (Doc. 49) is **GRANTED**.  Summary judgment should have been granted in favor of the Government on Plaintiffs' quiet title claim.  The Clerk of Court is kindly directed to enter judgment in the Government's favor on Plaintiffs' last remaining claim to quiet title and terminate this action.

Dated this 11th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge